UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EARL LEE SULLIVAN,

        Plaintiff,                  Case No. 2:15-cv-20

v.                                   Honorable Gordon J. Quist

JEFFREY WOODS,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Woods and LaPlaunt. The Court will serve the complaint against Defendants Therrian, Amble, Hatfield, and Wilson.

**Discussion**

    I.       Factual allegations

Plaintiff Earl Lee Sullivan, a Michigan state prisoner currently confined at the Kinross Correctional Facility (KCF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Jeffrey Woods, Corrections Officer L. T. Therrian, Corrections Officer R. Amble, R.N. Hatfield, Nurse Practitioner S. Wilson, and Health Care Unit Manager Melissa LaPlaunt.

Plaintiff's complaint is somewhat disjointed and contains a variety of allegations regarding his medical care at the hands of Defendants. Plaintiff alleges that he has a history of Hypertension. Plaintiff states that while he was housed at the Chippewa Correctional Facility (URF) in May of 2013, he ran out of his medications. Plaintiff repeatedly wrote to health care, informing them of his need for medication. On July 17, 2013, R.N. Hesselint reviewed Plaintiff's chart and fitted him with medical shoes. Plaintiff told Hesselint that he had been without his medication for nearly 60 days and asked to speak to the health care manager. While they were talking, Nurse Wendy Krause arrived and assisted Hesselint in looking at Plaintiff's file to determine how long he had been without medication. At this point, Defendant Hatfield arrived and asked why Plaintiff had not informed staff that he ran out of medication. Plaintiff stated that he had informed staff, as well as the Warden and officials in Lansing. Defendant Hatfield then ordered Plaintiff to leave health care. When Plaintiff did not leave, Defendant Hatfield called Defendant Therrian and threatened to place Plaintiff in segregation. Plaintiff again protested that he needed his medication.

Plaintiff was called back to health care twenty minutes later, and Nurse Krause indicated that she had forgotten to reorder Plaintiff's medication and apologized to Plaintiff for her mistake. Krause's supervisor, Mr. Covert, ordered Plaintiff to lie on the table for over an hour, gave

Plaintiff Catapres, and placed cold rags on Plaintiff's forehead in an attempt to get Plaintiff's blood pressure under control. Covert told Defendant Therrian, who was apparently also present, that Plaintiff was being treated and asked him to sit down. However, Defendant Hatfield then ordered Plaintiff to get out of health care.

On August 14, 2013, Plaintiff was taken to the Emergency Room in Petoskey with a blood pressure of 210/192. Plaintiff had a severe headache and was passing blood clots in his urine. Plaintiff was treated for Hypertensive Crisis and upon being discharged from the hospital, was prescribed Norvasc, Vasotec, Hytrin, Tenormin and Apresoline. The Apresoline was to be given in 10 mg doses every 6 hours. However, Defendant Wilson ordered that the Apresoline be administered as 20 mg doses every 12 hours, which caused Plaintiff to suffer from symptoms of overdose, including mental problems, swelling, and bruising. Plaintiff filed a grievance regarding the dosage and complained to Defendant Woods.

On September 30, 2013, Plaintiff went to the prison emergency room with severe swelling in his right arm and face. On October 1, 2013, health care gave Plaintiff 20 mg of steroids and said they would see him again on October 2, 2013.

Plaintiff states that Defendant Amble failed to inform him that he was to pick up pain medication and wrote a false ticket on Plaintiff on January 11, 2014, in retaliation for grievance URF-1401-01177Z. Plaintiff claims that on May 10, 2014, he asked for a pass to pick up needed medication and Defendant Amble told him that he "was tired of this shit and [Plaintiff] better get it right because he was not going to keep on writing me a pass to pick up medications." Plaintiff alleges that Defendant Amble wrote him another false misconduct on June 9, 2014, asserting that Plaintiff had gone to lunch without authorization.

On February 14, 2014, Plaintiff's medication dosage was decreased to 10 mg twice a day because he was suffering from swelling in his face, gums, and feet, as well as bruising, difficulty urinating, joint pain, diarrhea, and severe headaches. Plaintiff's dentist told him that the symptoms were all caused by the medication. Plaintiff wrote a letter of complaint to Defendant LaPlaunt, and subsequently filed a grievance on her and Defendant Wilson. Plaintiff subsequently stopped taking Norvasc per his dentist's instructions on August 6, 2014. Plaintiff claims that Defendant LaPlaunt is responsible for the operation of health services and failed to take action to protect Plaintiff's health.

Plaintiff claims that Defendants violated his constitutional rights and seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and

that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Woods and LaPlaunt were personally involved in the activity which forms the basis of his claim. The only roles that Defendants Woods and LaPlaunt had in this action involve the denial of administrative grievances or the failure to act. Defendants Woods and LaPlaunt cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000).

Accordingly, the Court concludes that Plaintiff's claims against Defendants Woods and LaPlaunt are properly dismissed for lack of personal involvement.

The Court further concludes that Plaintiff's claims against Defendants Therrian, Amble, Hatfield, and Wilson, for retaliating against him and denying him prescribed medical treatment, are nonfrivolous and may not be dismissed on initial review.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Woods and LaPlaunt will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Therrian, Amble, Hatfield, and Wilson.

An Order consistent with this Opinion will be entered.


Dated:  May 4, 2015                              /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE