UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EARL LEE SULLIVAN,

        Petitioner,

v.                                                            Case No. 2:15-CV-20

SUSAN WILSON,                                    HON. GORDON J. QUIST

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Earl Lee Sullivan, has filed objections to the Report and Recommendation (R & R) issued by Magistrate Judge Timothy P. Greeley on June 21, 2016.  Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After conducting a *de novo* review of the R & R and Petitioner's Objections, the Court will adopt the R & R and overrule Plaintiff's Objections.

Plaintiff argues that Defendant Wilson acted with deliberate indifference because she did not follow the prescription of Plaintiff's treating physician to provide Plaintiff with 10 mg of Apresoline every six hours.  Rather, Defendant ordered that Plaintiff be administered 20 mg doses every 12 hours—in other words, that he receive the same amount of Apresoline as prescribed, but in two doses rather than four.  Defendant has acknowledged that she made that adjustment, asserting that it allowed "for the administration of [Plaintiff's] medication in accordance with the medication lines scheduled at the facility."

To demonstrate deliberate indifference, a plaintiff must demonstrate that a defendant "acted with a sufficiently culpable state of mind in denying medical care." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (internal quotation marks omitted). "Deliberate indifference is characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith error." *Id.* Thus, a defendant "must have been aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]." *Id.* (internal quotation marks omitted).

In this case, Defendant ordered that Plaintiff be administered the same amount of Apresoline each day, but that he receive it in two doses rather than four doses to coincide with the prison's schedule. That decision may have been incorrect or even negligent, but there is nothing to suggest that it amounted to deliberate indifference. In other words, Plaintiff has failed to present any evidence that Defendant was aware of facts from which she could infer that her adjustment to Plaintiff's medication created a substantial risk of harm.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 53) is **ADOPTED** as the Opinion of the Court, and Plaintiff's Objection (ECF No. 54) is **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant Wilson's Motion for Summary Judgment (ECF No. 40) is **GRANTED**. Plaintiff's claims against Defendant Wilson are **DISMISSED with prejudice.**


Dated:  August 24, 2016                             /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE

2