UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EARL LEE SULLIVAN,

    Plaintiff,

v.                                                        Case No. 2:15-CV-20

L.T. THERRIAN, et al.,                     HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING, WITH MODIFICATION, REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner, Earl Lee Sullivan, under 42 U.S.C. § 1983. Sullivan's remaining claims are for deliberate indifference in violation of the Eight Amendment against Defendants Hatfield, Therrian, and Amble, and for First Amendment retaliation against Amble. Defendants filed a motion for summary judgment. (ECF No. 77.) After the matter was fully briefed, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R), recommending that the Court grant Defendants' motion and dismiss the case in its entirety. (ECF No. 85.) The R & R noted that dismissal would render Sullivan's motion for a bench trial (ECF No. 76) moot. Sullivan filed an Objection. (ECF No. 86.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After

conducting a de novo review of the R & R, Sullivan's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted with modification

The R & R adequately recounted the facts and applicable legal standards. Its conclusions are, in summary:

- The record establishes that Defendants did not completely deny Sullivan any medical treatment or any prescribed medication.
- The record shows that Sullivan's claims amount to a delay in medical treatment.
- Sullivan has not presented evidence of a detrimental effect due to the delay.
- Sullivan cannot show that Amble was motivated by protected conduct for the first misconduct ticket at issue.
- Sullivan was found guilty of the second misconduct ticket at issue, and therefore cannot establish a First Amendment violation.

Regarding the third point, Sullivan alleges that he did present verifiable medical evidence of a detrimental effect due to the delay in treatment—he cites an exhibit to show that his blood pressure was elevated. (ECF No. 79-3 at PageID.1151.) The chart shows that his blood pressure was high in the months leading up to the delay in getting his medication on July 17, 2013, and continuing through August 13, 2013. Given the surrounding context—as described in the R & R—this does not support his Eighth Amendment claim. Sullivan had run out of his medication approximately 60 days before the July 17 incident but had not told anyone to request a refill. Sullivan was given one dose on July 17, and a 30-day supply arrived the following morning. On August 8, Sullivan told a healthcare provider that he had stopped taking the medication three weeks prior because he thought the medication was causing side effects. The minor delay in obtaining his medication on July 17 cannot plausibly support Sullivan's argument given these circumstances.

2

Sullivan recounts the facts underlying his claims at length but fails to distinguish the controlling law that the R & R applied to his case. Sullivan conclusively states that he has proven his claim. He has not, and the Court does not find any error in the R & R's recommendations, save one.

The R & R applied a legal standard—which Defendants first cited in their brief—that is no longer good law in the Sixth Circuit. The change in the law occurred after the R & R was issued. The R & R found that because Sullivan was found guilty of the second misconduct ticket at issue, his retaliation claim was "essentially checkmate[d]," in the words of *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005). (ECF No. 85 at PageID.1250.) On April 3, 2018, the Sixth Circuit explicitly rejected the "checkmate doctrine," and held that "[a] finding of guilt at a prison misconduct hearing does not act as an absolute bar to a prisoner's First Amendment retaliation claim." *Maben v. Thelen*, -- F.3d --, No. 17-1289, 2018 WL 1599335, at *5 (6th Cir. Apr. 3, 2018).

In any event, this does not save Sullivan's retaliation claim. As the *Maben* court recognized, "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Id.* (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999)). The Court must consider the evidence in the light most favorable to Sullivan. *Id.*

In the report for Sullivan's misconduct hearing, the MDOC noted that Sullivan "had a callout for [1:15 p.m.]" and that the reporting officer's statement was credible that Sullivan left for "chow at [12:34 p.m.] which is more than the 30 minutes prior to prisoner Sullivan's callout as stated on his itinerary." (ECF No. 79-14 at PageID.1199.) Because Sullivan violated this 30 minute policy, the MDOC upheld his misconduct. (*Id.*) Sullivan submitted the itinerary at issue, and asserts that the "the defendant" crossed out the 1:15 p.m. time and replaced it with 1:05 p.m.

(ECF No. 79-13 at PageID.1192–93.) Sullivan asserts that because he had 30 minutes to go to chow under prison policy, and because Amble signed the misconduct ticket at 12:34 p.m., he did not do anything wrong and the misconduct ticket is retaliatory. (*Id.*) Sullivan argued in his response brief that this is "direct evidence of motivation or allege (sic) a chronology of events, to show the pattern of the unlawful conduct." (ECF No. 79 at PageID.1133.)

Considering the evidence in the light most favorable to Sullivan, his retaliation claim fails. Accepting his assertion and evidence as true that prison officials changed his callout time to 1:05, 12:34 is still more than 30 minutes prior to his callout time—a one-minute violation is still a violation. Therefore, Sullivan violated a legitimate prison regulation, *i.e.*, leaving for chow more than 30 minutes before callout time, and cannot sustain a retaliation claim. *See Thaddeus-X*, 175 F.3d at 395. The R & R will accordingly be adopted as to the result under this reasoning.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (ECF No. 85) is **APPROVED AND ADOPTED with modification** as the Opinion of this Court in accordance with this Order, and Plaintiff's Objection (ECF No. 86) is **DENIED**.

**IT IS FURTHER ORDERED that** Defendants' Motion for Summary Judgment (ECF No. 77) is **GRANTED**, and Plaintiff's Motion for a Bench Trial (ECF No. 76) is **DENIED** as moot.

A separate judgment will issue.

This case is concluded.

Dated: April 18, 2018     /s/ Gordon J. Quist
                          GORDON J. QUIST
                          UNITED STATES DISTRICT JUDGE